UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC RICHESON, | ) | CASE NO. 4:09cv2284 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| SELECT COMFORT RETAIL CORP., | ) | |
| | ) | |
| | ) | |
| DEFENDANT/ | ) | |
| THIRD-PARTY PLAINTIFF, | ) | |
| | ) | **MEMORANDUM OPINION** |
| vs. | ) | **AND ORDER** |
| | ) | |
| LISA GOTTSCHALT, | ) | |
| | ) | |
| THIRD-PARTY DEFENDANT. | ) | |

Before the Court is the motion for default judgment against third-party defendant, Lisa Gottschalt ("Gottschalt") filed by third-party plaintiff, Select Comfort Retail Corporation ("Select Comfort"). (Doc. No. 65.)[1] The motion seeks a default judgment against Gottschalt in the total amount of $113,882.48, consisting of two components: (1) $714.98 for bedding material that Gottschalt obtained from Select Comfort without ever paying for it; and (2) $113,167.50 in compensatory damages for attorney's fees and costs that Select Comfort incurred defending and litigating against plaintiff/counter-defendant, Eric Richeson ("Richeson").[2]

---

[1] The Clerk entered Gottschalt's default on November 29, 2011. (Doc. No. 64.) A copy of this entry was mailed to Gottschalt on that same day. She has not moved to set aside the default, nor otherwise made any attempt to appear.

[2] On November 8, 2011, on cross-motions for summary judgment, the Court dismissed Richeson's entire complaint for failure to state a claim; it also dismissed part of Select Comfort's counterclaim/third-party complaint. Only Select Comfort's counterclaim/third-party claim for unjust enrichment survived the motions. On December 1, 2011, Richeson and Select Comfort reached a settlement and filed a notice of voluntary dismissal. The third-party complaint against Gottschalt, who has never made an appearance and who is in default, was not dismissed or settled.

In a previous order, the Court agreed that Select Comfort is entitled to default judgment against Gottschalt, but requested that Select Comfort supply an itemized accounting of the attorney's fees and costs that it was seeking as a form of compensatory damages. (*See* Doc. No. 69.) Select Comfort supplied that itemization. (*See* Doc. No. 70.)

Although, ordinarily, the "American Rule" requires each party to bear its own costs and attorney's fees, under the "tort of another" doctrine, Select Comfort is entitled to recover as damages against Gottschalt the reasonable costs and fees it incurred defending against the suit instituted by Richeson and prosecuting its own counterclaims against Richeson, all of which were allegedly caused by the wrong-doing of Gottschalt. *See* Restatement 2d (Torts) § 914 ("One who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover reasonable compensation for loss of time, attorney fees and other expenditures thereby suffered or incurred in the earlier action."); *see also* 22 Am. Jur. 2d Damages, § 436 ("A plaintiff has the right to recover attorney's fees incurred in other litigation with a third person if he or she was involved in that litigation as a result of a breach of contract or tortious act by the present defendant. Usually, such recovery is allowed as an item of damage flowing from the present defendant's wrongful act, and not specifically as an attorney's fee.").

To determine an appropriate award of fees and costs to award as damages, the Court must begin with the lodestar amount: "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar method also "looks to the prevailing market rates in the relevant community." *Perdue v. Kenny A.*, -- U.S. --, 130 S. Ct. 1662, 1672 (2010).

The reasonableness of an attorney's hours and hourly rate is normally measured according to twelve factors: (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in 'similar cases.'" *Isabel v. City of Memphis,* 404 F.3d 404, 415 (6th Cir. 2005).

Here, defendant seeks a default judgment on its third-party complaint. It seeks damages in the amount of $113,882.48, including $113,167.50 in attorney's fees and costs[3] incurred in defending against Richeson's claims as well as prosecuting its own counterclaims against Richeson.

The Court has closely examined the itemized billing statements supplied by defendant. The actual amount of attorney's fees incurred as the result of the services of three attorneys is $118,455.80.[4] Although that total amount has not been sought by defendant, the Court is of the view that the amount that *is* sought is inappropriate given the twelve factors set forth above.

This was not a particularly novel case. The issues that formed the basis of the original motion for summary judgment were not complex or difficult. Yet, briefing on the cross-

---

[3] Defendant seeks $91,660.50 in attorney's fees and $21,507.00 in costs.

[4] Attorney Colleen Conley performed 250.8 hours of service (60.1 at $230/hour and 190.7 at $250/hour); Attorney James K. Sullivan performed 83.7 hours of service at $315/hour; and Attorney Michael E. Brittain performed 17.3 hours of service (2.8 at $505/hour and 14.5 at $525/hour).

motions for summary judgment alone incurred fees in the amount of $35,582.50.[5] Defendant's counsel have not asserted that they were prevented from doing other legal work while they performed work for Select Comfort. Nor have they asserted any particular time constraints or limitations.

Further, the one issue that formed the basis for dismissing most of the case was actually raised by the Court, not the defendant. The Court's requested supplemental briefing resulted in only $7,245.00 of additional fees.

The itemization provided by defendant reveals a significant amount of services relating to expert witnesses. The Court is hard-pressed to understand the need for an expert witness for a case wherein defendant had argued for dismissal for lack of the requisite amount in controversy, asserting that the case had a value of no more than about $12,000.[6] As it turned out, no expert witness was required because the matter was resolved by a combination of dismissal and settlement, plus the instant default judgment. Admittedly, defendant could not have known in advance how the case would proceed, and the record suggests that plaintiff Richeson hired an economic expert who was prepared to testify that his derogatory credit, allegedly caused by Select Comfort's actions, amounted to five times his annual income. (*See* Doc. No. 60, n.2.)

The Court also notes that about $4,000 was expended in fees relating to mediation and settlement with Richeson.

Considering the case as a whole in light of the relevant case law, although defendant is entitled to recover something by way of compensatory damages for the needless

---

[5] To their credit, defendant's counsel had the least expensive attorney perform the bulk of these summary judgment services. *See*, n. 4, *supra*. However, the Court questions the necessity of having two reviewing attorneys, one spending 83.7 hours at a rate of $315 and the other spending another 17.3 hours at rates of $505 and $525. This seems somewhat excessive.

[6] In fact, this Court, in its Memorandum Opinion and Order dismissing most of the case, agreed that it was highly unlikely that plaintiff Richeson could meet the jurisdictional amount.

expenses and costs it incurred defending against Richeson's lawsuit and prosecuting its own counterclaims against Richeson, the amount sought is excessive in the context of a default judgment for the single remaining unjust enrichment claim. Although Select Comfort has asserted throughout the litigation that it had no role in the alleged wrong suffered by Richeson but, rather, that Gottschalt was entirely responsible, it was not clear from the outset that Select Comfort indeed played *no* role since there were allegations that it had wrongfully extended credit to a woman applying in a man's name without the man being present and without sufficient investigation into the appropriateness of extending that credit. In light of that fact, although most of the case was ultimately dismissed and the remainder settled, the Court cannot conclude that the time spent by Select Comfort's counsel to defend and prosecute the case was unreasonable.

Balancing the policies supported by the "American Rule" against those set forth in the Restatement 2d (Torts) § 914 and 22 Am. Jur. 2d Damages, § 436, the issue for the Court is whether Select Comfort's entire cost burden should be borne by the defaulting Gottschalt. The Court concludes that it should not.

Having examined the itemized statements supplied by the defendant in light of the overall litigation and the factors identified above, the Court concludes that a more than fair amount of damages to compensate defendant for its attorney's fees is $51,750.00, which allows for 225 hours of work at a rate of $230/hour. Further, the Court will award an additional $10,000.00 in costs, plus $714.98 for the bedding material which was never paid for. Thus, the Court will issue a default judgment in favor of Select Comfort and against Lisa Gottschalt in the total amount of $62,464.98.

A separate Judgment Entry will be issued.

**IT IS SO ORDERED**.

Dated: March 29, 2012

                                           **HONORABLE SARA LIOI**
                                           **UNITED STATES DISTRICT JUDGE**